# 1:17-cv-06082-ILG

—————————————————

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

—————————————————

In Re: Patricia Dalton Simms
Debtor

—————————————————

Patricia Dalton Simms
Appellant

v.

Trustee Marianne DeRosa
Appellee

U.S. Trustee
Appellee

Deutsche Bank USA National Trust
Appellee

Ocwen Loan Servicing
Appellee

Linden Gardens Condominium
Appellee

—————————————————————————————

Appeal from the United States Bankruptcy Court
for the Eastern District of New York
Honorable Carla E. Craig

—————————————————————————————

## Brief of Trustee-Appellee Marianne DeRosa
## Standing Chapter 13 Trustee

Nathan Z. Kaufman
Staff Attorney for Trustee-Appellee
125 Jericho Turnpike, Ste. 105
Jericho, NY 11753
(516) 622-1340
nathank@ch13mdr.com

Table of Contents

**STATEMENT OF THE BASIS OF APPELLATE JURISDICTION** ................ 1

**STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT** ...................... 1

**STATEMENT OF FACTS** .......................................................................... 2

**ARGUMENT** ........................................................................................... 8

   **I. Standard of Review.** ....................................................................... 8

   **II. Cause Existed to Dismiss the Appellant's Bankruptcy Case at the September 13 Hearing** ........................................................................ 8

      A.   Unreasonable Delay ..................................................................... 9

      B.   Failure to commence making timely payments. ................................ 11

      C.   Failure to appear at September 13 Hearing...................................... 13

   **III. The Bankruptcy Court Correctly Did Not Grant the Appellant's Letter Motion** .................................................................................... 14

      A.   Appellant's case had already been dismissed ................................... 14

      B.   The Letter Motion was procedurally defective ................................. 16

      C.   Debtor's *pro se* status does not excuse lack of compliance ............ 17

      D.   The Letter Motion does not suggest a likelihood of success............ 18

   **IV. The Appellant's Appendix Does Not Support the Appellant's Position** .. 20

      A.   Documents in the Appellant's Appendix Are Not Part of the Record on Appeal ........................................................................................ 20

      B.   Appellant's Appendix Does Not Establish Compliance with Disclosure Requirements ................................................................................. 20

      C.   Appellant's Appendix Shows Appellant Did Not Timely Make Initial Trial Payment ......................................................................................... 21

      D.   Appellant's Appendix Shows Debtor Failed to Make Timely Trustee Payments........................................................................................ 22

   **CONCLUSION** ................................................................................... 23

i

## Cases

*Bristol v. DeRosa*, 2010 U.S. Dist. LEXIS 104777, *5, 2010 WL 3924911 (E.D.N.Y. 2010) ............................................................................................................... 17

*Calle v. NDG Coffee Shop, Inc.*, 2018 U.S. Dist. LEXIS 62979, *3 (S.D.N.Y. April 12, 2018) ............................................................................................................. 15

*In re Blaise*, 219 B.R. 946, 950 (2d. Cir. B.A.P. 1998) ..................................... 8

*In re Emmons-Sheephead Bay Dev. LLC*, 518 B.R. 212, 219 (E.D.N.Y. 2014) ........ 8, 19, 20

*In re Hanley*, 575 B.R. 207 (Bankr. E.D.N.Y. 2017) ......................................... 10

*In re Mallory* 444 B.R. 553, 558 (S.D. Tex. 2011) ........................................... 12

*In re Miner*, 229 B.R. 561, 564 (2d. Cir. B.A.P. 1999) ..................................... 8

*In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993) ..................... 8

*In re Sochia*, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999) ................................. 17

*In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D.Pa. 1987) ................................... 12

*In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010) ....................................... 18

*Keepers, Inc. v. City of Milford*, 807 F.3d 24, 29 n.14 (2d Cir. 2015) ................. 20

*Miller v. Marshall* 2013 U.S. Dist. LEXIS 132865, *17-18 (N.D. Ill. 2013) ............ 11

*Musso v. Otashko*, 468 F.3d 99, 107-08 (2d Cir. 2006) ..................................... 16

*Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527-28 (2d Cir. 1994) ............ 15, 16

*Silverman v. Cullin*, 633 Fed. Appx. 16, 18 n1 (2d Cir. 2016) ............................ 20

*Taylor v. Taylor* 238 B.R. 639, 643 (S.D.N.Y. 1999) ......................................... 15

*Till v SCS Credit Corp.*, 541 U.S. 465, 468-69 (2004) ....................................... 13

## Statutes

11 U.S.C. §1307 ............................................................................................. passim

11 U.S.C. §1308(a) ........................................................................................... 10

11 U.S.C. §1324 ............................................................................................... 13

11 U.S.C. §1325 ............................................................................................. passim

11 U.S.C. §1326 .............................................................................................. 2, 11

11 U.S.C. §301 ................................................................................................. 12

28 U.S.C. §158 ................................................................................................. 1

## Rules

E.D.N.Y. LBR 2003-1 ...................................................................................... 4, 5, 7, 11

E.D.N.Y. LBR 3015-3 ...................................................................................... 13

E.D.N.Y. LBR 9077-1 ...................................................................................... 16

E.D.N.Y. Local Civil Rule 7.1 .......................................................................... 17

Fed. R. Bankr. P. 8001 ...................................................................................... 1

Rule 7 of the E.D.N.Y. Bankruptcy Judge's Procedures ..................................... 17

Rule 8013 of the Federal Rules of Bankruptcy Procedure ................................... 8

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction to entertain an appeal from the judgment of a bankruptcy court under 28 U.S.C. §158 and Fed. R. Bankr. P. 8001.

## STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

The Debtor-Appellant Patricia D. Simms (hereinafter "Debtor" or "Appellant") presents the questions of whether the Bankruptcy Court erred in granting the Trustee's Motion to Dismiss and failed to consider "newly retained counsel's" request for adjournment. The Trustee-Appellee Marianne DeRosa (hereinafter " Trustee" or "Appellee") would frame the issue differently: Did the Bankruptcy Court err in granting an unopposed motion to dismiss, and should the Bankruptcy Court have granted a request to adjourn that unopposed motion after it had already been granted?

It should be noted that, there being no support for the Debtor's position within the Record on Appeal, Debtor has included within the Appellant's Appendix several pages of documents that are not in the Record on Appeal. These documents are found at pages 21 through 34 of the Appellant's Appendix, and are not found in the Record on Appeal because they were never submitted to the Bankruptcy Court. It is respectfully submitted that none of these documents should be considered by the Court. However, in the event the Court is constrained to do so, the Trustee will show that the unauthorized supplemental documents also provide no support for the

1

Debtor's position.  Debtor's attempts to use documents that were never submitted to the Bankruptcy Court, as support for the position that the Bankruptcy Court erred in not considering same, underscores the logical incoherence of Debtor's appeal.

## STATEMENT OF FACTS

On March 21, 2017 (the "Petition Date"), Debtor filed a "bare bones" *pro se* petition[1] under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") (Record on Appeal, hereinafter the "Record" or "R.", at 8-20).  After seeking an extension, Debtor filed certain schedules and statements missing from her petition on May 5, 2017.  Debtor filed the balance of schedules and a proposed Chapter 13 plan (R. at 22-23, Appellee's Appendix at 8-9) on June 5, 2017.  There is no indication from the docket that these documents were served upon creditors.  *See* Bankruptcy Court Docket, R. at 1-7, Appellee's Appendix at 1-7.

Pursuant to the proposed Chapter 13 plan, payments to the Chapter 13 Trustee were to begin in the monthly amount of $1000.00 in May 2017, or approximately sixty days following the Petition Date (R. at 22-23, Appellee's Appendix at 8-9). Notwithstanding the dates set forth in the proposed plan, plan payments must commence within thirty days of the petition date (*see* 11 U.S.C. §1326(a)(1)), so the

---

[1] A petition filed without all schedules and other ancillary documents required under 11 U.S.C. §521 is commonly referred to as a "bare bones" or "skeletal" petition.  A bare bones petition that is not timely completed is subject to automatic dismissal pursuant to 11 U.S.C. 521(i).

proposed plan must be read to provide for $1000.00 payments commencing in April 2017.

On June 5, 2017, Debtor also filed a Request for Loss Mitigation (R. at 21), which was later served upon either appellee Deutsche Bank National Trust Company (hereinafter "Deutsche") or its servicer, appellee Ocwen Loan Servicing, LLC (hereinafter "Ocwen"). The Bankruptcy Court issued a Loss Mitigation Order pursuant to E.D.N.Y. General Order #582, which provided for the Debtor to participate in the Bankruptcy Court's Loss Mitigation Program. *See* R. at 24-25, Appellant's Appendix at 15-16.

On June 14, 2017, the first scheduled hearing on confirmation was held. Debtor appeared and conferenced the case with Trustee prior to the calendar call, and the hearing on confirmation was adjourned to September 13, 2017 (R. at 3).

On August 22, 2017, appellee Deutsche filed an objection to confirmation of the Debtor's proposed Chapter 13 plan.

On August 24, 2017, the Trustee filed and served a Motion to Dismiss the Debtor's case (the "MTD"; R. at 27-31, Appellant's Appendix at 10-14). The MTD sought dismissal of the case for cause, pursuant to 11 U.S.C. §1307(c). The grounds set forth in the MTD include:

1. The proposed plan payments of $1000.00 per month were insufficient to pay all secured claims in full, as required by 11 U.S.C. §1325(a)(5).[2]

2. Failure to timely provide Trustee with proof of payment of all post-petition mortgage obligations, as required by E.D.N.Y. LBR 2003-1(a)(vi) and (b)(i).[3]

---

[2] 11 U.S.C. §1325(a) provides, in pertinent part:

(a) Except as provided in subsection (b), the court shall confirm a plan if--
    (1)  the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
    . . .
    (5)  with respect to each allowed secured claim provided for by the plan--
        (A)  the holder of such claim has accepted the plan;
        (B)  (i) the plan provides that--
            (I)  the holder of such claim retain the lien securing such claim until the earlier of--
             (aa) the payment of the underlying debt determined under nonbankruptcy law; or
             (bb) discharge under section 1328 [11 USCS § 1328]; and
            (II)  if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
            (ii)  the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;
        . . . ; or
        (C)  the debtor surrenders the property securing such claim to such holder;
    (6)  the debtor will be able to make all payments under the plan and to comply with the plan;
    (7)  the action of the debtor in filing the petition was in good faith;
    (8)  the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and
    (9)  the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.
    . . . .  (11 U.S.C. §1325(a)).

[3] E.D.N.Y. LBR 2003-1 provides, in pertinent part:

(a) In all chapter 13 cases, the debtor shall provide the following documents to the trustee no later than 7 days before the first date set for the meeting of creditors pursuant to Bankruptcy Code § 341(a):

3. Failure to timely provide to Trustee and file with the Bankruptcy Court an affidavit averring that the Debtor had paid all post-petition domestic support obligations, or that she had no such obligations, as required by E.D.N.Y. LBR 2003-1(b)(ii) and (c).

4. Failure to timely provide to Trustee and file with the Bankruptcy Court an affidavit averring that the Debtor had filed all required tax returns required under 11 U.S.C. 1308, as required by E.D.N.Y. LBR 2003-1(b)(iii) and (c).

5. Failure to timely make Chapter 13 plan payments to the Trustee, as the Debtor was in arrears to the Trustee in the amount of $2,000.00 through

---

. . .     (vi) copies of canceled checks, receipts, money orders, or other documentation of payment of all mortgage installments, real property lease payments, auto loan payments, and co-op or condo maintenance and management fees that have come due since the petition was filed.

(b) A debtor shall provide the following documents to the trustee no later than 7 days before the first date set for confirmation of the chapter 13 plan:

(i) copies of canceled checks, receipts, money orders or other documentation of payment of all mortgage installments and real property lease payments that have come due since the disclosure was made under subdivision (a)(vi) of this rule;

(ii) a copy of an affidavit by the debtor stating:

(A) whether the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order or by statute to pay such domestic support obligation; or

(B) that the debtor has no domestic support obligations; and

(iii) a copy of an affidavit by the debtor stating whether the debtor has filed all applicable federal, state, and local tax returns as required by Bankruptcy Code § 1308.

(c) A debtor shall file the original affidavits required under subdivisions (a)(ii) and (v), and (b)(ii) and (iii) of this rule.

(d) A debtor shall promptly provide to the trustee any other documents within the scope of Bankruptcy Rule 2004(b) that the trustee may request from time to time.

the month of August 2017 (representing payments of $3,000.00 out of $5,000.00 due).

The MTD also alleged that the Debtor's failure to timely comply with the foregoing requirements caused unreasonable delay.  The notice of motion for the MTD stated that the hearing on the MTD would be held September 13, 2017, at 9:30 AM, and that any opposition to the MTD must be served upon the Trustee and filed with the Bankruptcy Court at least seven days in advance of the hearing (R. at 27).  Debtor never filed any written opposition to the MTD (*see* Bankruptcy Court Docket, R. 1-7).

On the morning of September 13, 2017, a hearing was held on confirmation of the Debtor's proposed plan and on the MTD (the "September 13 Hearing").  The Trustee and counsel to appellee Ocwen were both present.  However, the Debtor failed to appear.  The Bankruptcy Court found that cause existed to dismiss the Debtor's Chapter 13 case.  The MTD was granted, Debtor's case was marked dismissed, and the hearing on confirmation for Debtor's case and the loss mitigation status conference scheduled for November 14, 2017 were both marked off the calendar.

Later that day, at approximately 5:30 PM, Ocwen's Counsel docketed a letter stating that the Debtor had been denied a loan modification because the Debtor "fail[ed] to make the initial trial [loan modification] payment within the required timeframe." (R. at 57.)  The letter attached a decision letter from Ocwen (R. at 58-67).

Subsequently that evening, at approximately 9:20 PM, Debtor's Counsel filed a notice of appearance (R. at 68-70).  About five minutes later, Debtor's Counsel filed what appears to be an *ex parte* letter motion seeking "an extension of time to respond to the Trustee's Motion to Dismiss . . . [and that the Bankruptcy] Court hold any decision regarding the Motion to Dismiss submitted by the Trustee in abeyance until the next appearance . . . ." (R. at 71-72, Appellee's Appendix at 10-11; hereinafter the "Letter Motion".)  The Letter Motion argues: 1) Debtor had been acting *pro se* and an adjournment would "allow my office to file any responsive pleadings as my office is recently retained"; 2) the Loss Mitigation Period had been continued; and 3) Debtor had made her initial trial loan modification payment.

An Order dismissing this case was signed and entered October 1, 2017 (R. at 73-74; hereinafter the "Dismissal Order").  The grounds for dismissal were: 1) the proposed plan payments were insufficient to pay all secured claims in full, as required by 11 U.S.C. §1325(a)(5); 2) failure to timely submit Chapter 13 plan payments to the Trustee; and 3) failure to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1.

This Appeal of the Dismissal Order followed.

# ARGUMENT

## I. Standard of Review.

"Rule 8013 of the Federal Rules of Bankruptcy Procedure determines the scope of [this Court's] review of a bankruptcy court's decision." *In re Miner*, 229 B.R. 561, 564 (2d. Cir. B.A.P. 1999). This Court reviews a bankruptcy court's findings of fact under the clearly erroneous standard and legal conclusions de novo. *Id.* "A bankruptcy court [ ] abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Blaise*, 219 B.R. 946, 950 (2d. Cir. B.A.P. 1998), A *de novo* review of the Bankruptcy Court's legal conclusions allows this Court to decide the issue as if no decision had previously been rendered. *Miner*, at 565.

"The role of a district court is *not* to hear testimony or to consider documentary evidence; it is to review a factual record as found by a bankruptcy court and to determine whether the bankruptcy court made an error under applicable standards of appellate review." *In re Emmons-Sheephead Bay Dev. LLC*, 518 B.R. 212, 219 (E.D.N.Y. 2014), citing *In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993).

## II. Cause Existed to Dismiss the Appellant's Bankruptcy Case at the September 13 Hearing

Neither the Appellant's brief nor the Record supports the conclusion that the Bankruptcy Court erred in granting the MTD. Section 1307(c) of the Bankruptcy

Code provides in pertinent part that "on request of a party in interest … and after

notice and a hearing, the court may … dismiss a case … for cause...."

11 U.S.C. §1307(c) reads in pertinent part:

> ...on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> . . .
> (4) failure to commence making timely payments under section 1326 of this title;
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
> (6) material default by the debtor with respect to a term of a confirmed plan; . . .

The MTD alleged sufficient grounds for the Bankruptcy Court to conclude that

there was cause to dismiss this case under Section 1307(c) of the Bankruptcy

Code.

A. <u>Unreasonable Delay</u>

The Appellant filed her bankruptcy case on March 21, 2017.  Pursuant to the

Local Bankruptcy Rules for the Eastern District of New York, the Appellant was

required to provide the Trustee with, among other documentation, (1) an affidavit

stating whether or not the Appellant had paid all amounts required to be paid under a

domestic support obligation that first came payable after the Petition Date or that the

9

Appellant was not responsible to make any such payments; (2) an affidavit stating that the Appellant had filed all applicable tax returns required by 11 U.S.C. §1308[4]; and (3) documentation of payment of all mortgage payments that had come due since the Petition Date.  See E.D.N.Y. LBR 2003-1; see also 11 U.S.C. §1325(a)(8) and (a)(9) (payment of domestic support obligation and filing of tax returns required for confirmation); 11 U.S.C. §1307(c)(11) and (e) (bankruptcy court may dismiss or convert case for failure to pay domestic support obligations, and "shall" dismiss or convert case for failure to file tax returns); *In re Hanley*, 575 B.R. 207 (Bankr. E.D.N.Y. 2017) (failure to stay current with post-petition mortgage payments results in dismissal even after making all monthly trustee plan payments for five years).

As of the September 13 Hearing, nearly six months after the filing of the petition, the Appellant had failed to provide the Trustee with these items.  Failure to timely provide these items impedes the Trustee's ability to administer the bankruptcy case, resulting in an unreasonable delay.  The Appellant failed to provide any explanation why these items could not be timely provided.

The only documentary deficiency addressed by the Appellant's Brief is that the Debtor "applied for and was granted a trial modification with the mortgage company

---

[4] 11 U.S.C. §1308(a) provides: "Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition."

and was actively making such payment" (Appellant's Brief at paragraph 34-35). Because the Debtor was "granted a trial modification," her post-petition mortgage obligations were her trial modification payments, and she was required by E.D.N.Y. LBR 2003-1 to submit proof of payment of the trial modification to the Trustee. The Trustee did not seek dismissal based on failure to make the post-petition payments, but rather based upon the Debtor's failure to show proof that such payments had been made. In any case, at the September 13 Hearing neither the Trustee nor the Court had any way of knowing that the trial modification payments had been made.[5]

B. <u>Failure to commence making timely payments.</u>

Section 1326(a)(1) of the Bankruptcy Code provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or order for relief, whichever is earlier, in the amount -- (A) proposed by the plan to the trustee...." 11 U.S.C. §1326(a)(1)(A). This is generally understood to mean not only that payments must commence, but that they must continue until confirmation[6]. *Miller v. Marshall,* 2013 U.S. Dist. LEXIS 132865, *17-18 (N.D. Ill. 2013) ("The [1307(c)(4)] requirement to make plan payments applies both to the failure to begin making payments and the failure to

---

[5] The Appellant's Appendix, in documents outside the Record and to which the Trustee objects, supports the proposition that the payments were not made. *See infra.*
[6] After confirmation, the failure to make timely plan payments is a "material default by the debtor with respect to a term of a confirmed plan," which is a ground for dismissal under 11 U.S.C. §1307(c)(6).

continue making payments.") quoting *In re Mallory* 444 B.R. 553, 558 (S.D. Tex. 2011) and citing *In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D.Pa. 1987) ("Because there is no other provision in §1307(c) covering this particular subject, we assume that this statutory provision allows dismissal . . . not only [when debtor] never commences making any payments, but where he fails to continue to make such payments in regular fashion prior to confirmation."). In addition, 11 U.S.C. §1325(a)(6) provides that one of the conditions for confirmation of a plan is "(6) the debtor will be able to make all payments under the plan and comply with the plan." The failure to make all pre-confirmation payments demonstrates that a debtor cannot make all payments under the proposed plan, justifying dismissal under 11 U.S.C. §1307(c)(5).

The calculation of when the first payment was due began with the order for relief on the Petition Date. "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. §301(b). Therefore, the Appellant should have first made a chapter 13 plan payment on or before April 20, 2017. The Trustee did not first receive a payment from the Appellant until May 12, 2017. This meant that the Debtor was already one month behind when she made her first payment.

Further, by the September 13 Hearing, five payments had come due, for the months of April through August, with the sixth payment due a week later on September 21, 2017. Debtor did not interpose any proof that she had made any additional payments.

C. Failure to appear at September 13 Hearing

The Dismissal Order notes the Debtor's failure to appear at the September 13 Hearing.  The September 13 Hearing comprised both a hearing on the MTD and a hearing on confirmation pursuant to 11 U.S.C. §1324.  E.D.N.Y. LBR 3015-3 provides, "[u]nless excused, the debtor and debtor's attorney shall attend the hearing on confirmation of the chapter 13 plan."  In addition to resulting in a default on the Trustee's MTD, Debtor's unexcused failure to attend the September 13 Hearing was in itself a violation of the Local Bankruptcy Rules.  This violation alone was cause to dismiss the Appellant's case.  Nothing submitted to the Bankruptcy Court or this Court has explained the Debtor's absence (or the absence of "recently retained counsel") at the mandatory September 13 Hearing.

D. Lack of Feasibility

Section 1325 contains the conditions for plan confirmation in Chapter 13. Section 1325(a)(5)(B) requires in part that, for each secured claim, unless the holder of the secured claim accepts the plan or the collateral is surrendered to the holder, the plan must provide for the distribution of the "present value" of the allowed amount of the claim.  *See Till v SCS Credit Corp.*, 541 U.S. 465, 468-69 (2004) (summarizing "cram down" option).  Debtor has not argued at any time before or since the September 13 Hearing that her proposed plan will distribute sufficient property to her mortgagee to satisfy the claim of appellee Ocwen.  Her plan clearly does not provide for it.  Instead, the plan provides for Debtor to participate in the Bankruptcy Court's

13

Loss Mitigation Program, and that "[c]ontemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement . . . ."  R. at 22, para. 4.

The Loss Mitigation Order entered by the Court provided for motions between the Loss Mitigation Parties to be adjourned to the Loss Mitigation Status Conference, but the Loss Mitigation Order does not adjourn any motions by the Trustee pending the resolution of Loss Mitigation.  R. at 25.

At the time of the September 13 Hearing, the proposed plan did not satisfy any of the three options of 11 U.S.C. §1325(a)(5) relative to Ocwen.  Particularly in light of the total circumstances, including the other uncured dismissal grounds and Debtor's failure to appear at the mandatory hearing, cause existed to dismiss the Debtor's case pursuant to 11 U.S.C. §1307(c)(1) and (c)(4).  The Court therefore did not err in dismissing the case at the September 13 Hearing.

## III. The Bankruptcy Court Was Correct in Not Granting the Appellant's Letter Motion

A.  Appellant's case had already been dismissed

Debtor's Letter Motion requested additional time to respond to the MTD and that the dismissal order be "held in abeyance."  The Appellant's Brief argues at paragraph 39 that, upon the filing of the Letter Motion, "a hearing should have been held before the Court made a decision to determine whether dismissal was

14

warranted."  However, neither the Letter Motion nor the Appellant's Brief acknowledge that a hearing on a motion on notice had already been held before the Court, and a decision had already been rendered.

The September 13 Hearing on the MTD was noticed for 9:30 AM, and was called before the Bankruptcy Court on that morning with the September 13, 2017 hearing calendar.  The MTD was granted at that time, and the Debtor's case was dismissed with the confirmation hearing (and the loss mitigation conference scheduled for November) marked off the calendar due to the dismissal.  The Trustee, who was the movant, was present, as was counsel to a secured creditor.  In other words, the Letter Motion requested the Bankruptcy Court to rescind a decision previously made by the Bankruptcy Court on the record at the September 13 Hearing, with the movant and an interested party present.

While the Dismissal Order had not yet been entered, after the decision was orally rendered on the MTD at the September 13 Hearing, the entry of the Dismissal Order was a mere ministerial act as to the Debtor.  *See Taylor v. Taylor* 238 B.R. 639, 643 (S.D.N.Y. 1999)(bankruptcy court correctly held that, after oral decision, "such ministerial acts as the entry of final judgment will be accorded their full effect") citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527-28 (2d Cir. 1994); *Calle v. NDG Coffee Shop, Inc.*, 2018 U.S. Dist. LEXIS 62979, *3 (S.D.N.Y. April 12, 2018) ("mechanical action involving the calculation of damages and entry of judgment was akin to the kind of 'ministeral' act the Second Circuit has held does not violate the

15

automatic stay provision of the Bankuptcy Code since it did not involve the exercise of significant discretion . . . .") citing *Rexnord Holdings*, 21 F.3d at 527; *see also Musso v. Otashko*, 468 F.3d 99, 107-08 (2d Cir. 2006)(citing cases indicating that upon grant of divorce judgment, entry of judgment is ministerial act as between spouse-litigants, and holding it is not ministerial as to third parties).

This appeal argues that the failure to grant a continuance for a previously decided motion was reversible error.  This defies logic.

B.  The Letter Motion was procedurally defective

The procedurally correct way to stay an action via *ex parte* application is with an order to show cause with a request for interim relief, or by scheduling a hearing on shortened notice.  In the Bankuptcy Court for the Eastern District of New York, this procedure is governed by E.D.N.Y. LBR 9077-1, titled "Orders to Show Cause, *Ex Parte Orders*, Orders Shortening Time."  To summarize that provision, any such application must be supported by a sworn affidavit or affirmation showing cause for the *ex parte* relief or shortened notice, and state whether a previous application for similar relief had been made.  In this case, the ultimate relief sought would have been either vacating the dismissal order or restoring the MTD to the Court's calendar. However, because the Letter Motion did not satisfy the requirements of E.D.N.Y. LBR 9077-1, it was procedurally defective.

16

It should also be noted that the Local Bankruptcy Rules for the Eastern District of New York do not contain a parallel to E.D.N.Y. Local Civil Rule 7.1(d) permitting letter-motions.

As discussed *supra*, the MTD had already been heard and decided, so interpreting the Letter Motion as an adjournment request does not follow.  However, to the extent that it was an adjournment request, Rule 7 of the E.D.N.Y. Bankruptcy Judge's Procedures, titled "Requesting Adjournments on Consent" requires that parties must contact chambers at least two business days in advance of the hearing to obtain an adjournment date, and then docket a letter confirming consent of all adverse parties no later than 24 hours prior to the hearing.  There is no procedure for adjournments without consent of all parties in interest.  Therefore, the Debtor's Letter Motion was procedurally defective as an adjournment request.

The Bankruptcy Court did not err in failing to grant the procedurally defective Letter Motion filed by counsel to the Debtor.

C. Debtor's *pro se* status does not excuse lack of compliance

"Bankruptcy is a privilege and not a right, and in seeking protection under the Bankruptcy Code, a debtor has the responsibility to inform herself of her duties under the Code." *Bristol v. DeRosa*, 2010 U.S. Dist. LEXIS 104777, *5, 2010 WL 3924911 (E.D.N.Y. 2010) (No. 09-CV-3730-JFB) (internal quotation marks omitted), quoting *In re Sochia*, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999) and *In re Ward*, 423 B.R. 22, 34

(Bankr. E.D.N.Y. 2010).  Her lack of knowledge of her obligations to provide documentation is not excusable.  In any case, the Dismissal Motion set forth clearly the specific documents that were outstanding; specifically, proof of post-petition mortgage payments (in this case, trial modification payments) and the affidavit(s) to establish compliance with the 11 U.S.C. §1325(a)(8) and (a)(9) confirmation requirements pertaining to domestic support obligations and tax returns.

There also is no argument that the Debtor did not understand the need to maintain her plan payments.  The MTD and Dismissal Order both stated failure to make payments timely as a dismissal ground, and there should have been no surprise to the Debtor that she had not made all the payments she herself had proposed in the filed Chapter 13 plan.

D. <u>The Letter Motion does not suggest a likelihood of success</u>

The Letter Motion fails to even address any grounds to dismiss other than feasibility to pay all secured claims.  There is no mention of the missing disclosure documents or missing payments to the Trustee.  R. at 71-72.

Instead, the Letter Motion states the Debtor made her initial trial modification payment.  However, there is no proof of payment, or even an affidavit attached.  Without any evidentiary support for the cure of even one dismissal ground, the denial of the MTD was at best a remote possibility.

It is also worth noting that Debtor did nothing to supplement the Letter Motion in the weeks between the filing of the Letter Motion of September 13, 2017 and the entry of the Dismissal Order on October 1, 2017.

Further, while it is not clear from the Record whether the Debtor's loan modification denial was discussed at the September 13 Hearing,[7] the Record does include Ocwen's Loss Mitigation Status Report docketed that evening, together with the attached Ocwen letter titled Decision on the Request for Mortgage Assistance.  R. at 57-67.  Neither the Status Report nor the Decision letter state that the Debtor never made the initial trial modification payment.  They both state the Debtor failed "to make the initial trial payment within the required timeframe."  R. at 57 and 58 (emphasis added).  Even if the Letter Motion was a sworn affirmation, there is no implication within the Letter Motion that the initial trial payment was made timely.[8]

Because the Letter Motion failed to show any likelihood that the MTD would be denied or the Dismissal Order vacated, or even that Debtor's participation in the Loss Mitigation Program would be successful, the Bankruptcy Court was correct in not granting the Letter Motion.

---

[7] Appellant designated the transcript of the September 13 Hearing but apparently failed to order the transcript pursuant to Fed. R. Bankr. P. 8009(b)(1).  *See Emmons-Sheephead Bay*, 518 B.R. at 217-18 (dismissing an appeal or affirming an appealed order are appropriate results where the appellant fails to include a key transcript in the record on appeal).

[8] In the event the Court is constrained to consider the portions of the Appellant's Appendix that are not part of the Record and were never submitted to the Court, it appears that the Letter Motion may not have alleged timeliness because the purported first trial modification payment was untimely.  *See infra.*

## IV. The Appellant's Appendix Does Not Support the Appellant's Position

A. <u>Documents in the Appellant's Appendix Are Not Part of the Record on
Appeal</u>

The Appellant attempts to rely upon documents, at 21-34 of the Appellant's

Appendix, that are not found within the Record on Appeal.  These documents were

never submitted to the Bankruptcy Court.  There is no affidavit pertaining to the

documents, to establish their authenticity or any context therefor.  These documents

are not admissible evidence and the Appellee respectfully submits they should not be

considered in reaching a determination on this appeal.  *See Silverman v. Cullin*, 633 Fed.

Appx. 16, 18 n1 (2d Cir. 2016) ("As the district court noted, Cullin failed to establish

[her position] for the more technical reason that she did not make the relevant

contracts part of the record on appeal."), *citing Keepers, Inc. v. City of Milford*, 807 F.3d

24, 29 n.14 (2d Cir. 2015); *see also In re Emmons-Sheephead Bay Dev. LLC*, 518 B.R. at

219 ("The role of a district court is *not* to hear testimony or to consider documentary

evidence; it is to review a factual record as found by a bankruptcy court and to

determine whether the bankruptcy court made an error . . . ").  Appellant's argument,

that the Bankruptcy Court erred because it failed to consider documents that were

never submitted to it, is not logically sound.

B. <u>Appellant's Appendix Does Not Establish Compliance with Disclosure
Requirements</u>

The Appellant's Appendix does not contain any support for the proposition

that Debtor properly submitted an affidavit as to domestic support obligations or as

to the filing of tax returns.  There is also no indication that the Debtor filed, or provided to the Trustee, proof of payment of post-petition mortgage payments, which in this case would include the trial modification payments.

    C.  <u>Appellant's Appendix Shows Appellant Did Not Timely Make Initial Trial Payment</u>

The basic premiss of Appellant's position, in the Letter Motion and in the Appellant's Brief, is that the Debtor should have been given another opportunity to show that she was in an active trial modification and would soon be able to confirm a plan.  However, the Appellant's Appendix shows the opposite.

Ocwen denied the Debtor's modification request because the Debtor failed to make the initial monthly trial payment timely.  The terms of the trial modification plan are not in the record, but are included in the Appellant's Appendix at page 27 thereof.  The trial plan provided for payments due August 1, September 1, and October 1 of 2017.  The trial modification plan further provided, "Time is of the Essence.  If you fail to make the First Trial Period Plan payment by 08/01/2017 and we do not <u>receive</u> the payment by the last day of the month in which it is due, this offer will be revoked . . . ."  Appellant's Appendix at 27 (emphasis added).  It is unclear whether "receive" refers to completion of delivery or completion of processing.

The earliest dated of the three cancelled checks included in the Appellant's Appendix (but, again, not included in the Record) is at page 30 thereof.  There is no affidavit establishing its authenticity.  The check is dated August 29, 2017, and appears

to be endorsed by Ocwen.  However, there is no date on the endorsement, and there is nothing else in the Appellant's Appendix to indicate when it was endorsed or even when it was sent.  There is no affidavit indicating when it was sent or the method of delivery.  In any case, with the check only being generated on August 29, 2017, it is unlikely that the check would have been delivered, and it certainly would not have been processed, by August 31, 2017, the last day for the initial payment to be received.

This foregoing seems to support the Ocwen denial letter and its Counsel's status report, both of which indicate that the Debtor had not timely made the initial trial payment.  By the terms of the trial period plan, it had been revoked.  Accordingly, the Appellant's Appendix shows that the Debtor was not in an active trial modification.

### D. Appellant's Appendix Shows Debtor Failed to Make Timely Trustee Payments

The Appellant's Appendix contains a report apparently generated by the Trustee's office, titled "Trustee's Report of Receipts and Disbursements," indicating that the Debtor had made a total of $3,000.00 in payments, or three monthly payments, to the Trustee through September 29, 2017.  Appellant's Appendix at 31. This report also indicates that Debtor was delinquent in the amount of $4,000.00.

The Debtor's case was filed in March.  At the time of the September 13 Hearing, the Debtor should have made five payments for the months of April, May, June, July, and August.  The sixth payment for the month of September was due a few

days later.  The Appellant's Appendix shows that the Debtor was in arrears at the time of the September 13 Hearing.

## CONCLUSION

It was within the Bankruptcy Court's discretion to dismiss this case at the September 13 Hearing, and it was still within the Bankruptcy Court's discretion to dismiss this case after Debtor's Counsel filed the Letter-Motion.  Cause to dismiss the case existed at all relevant times, and Appellant did nothing prior to dismissal to rebut the showing of cause.  Appellant defaulted on the Trustee's Motion to Dismiss, and only asked for more time to respond after dismissal at the September 13 Hearing.

Relying upon case law from the 11th Circuit, Appellant posits that the Court should have inferred unpled arguments in opposition to the Motion to Dismiss.  However, the case law cited by Appellant stands for the proposition that it is within the discretion of the court to dismiss a case notwithstanding any unpled arguments.

Appellant also submits documents that are not within the Record on Appeal, were never submitted to the Bankruptcy Court, and are without any evidentiary foundation before this Court.  Even considering these documents, however, the Appellant fails to show that the Bankruptcy Court should not have granted the Motion to Dismiss, let alone that it was error to do so.

The Bankruptcy Court may have reached a different result had the Debtor or her Counsel appeared at the September 13 Hearing.  However, there is no legitimate

argument that the Dismissal Order was the result of clear error by the Bankruptcy

Court.  Accordingly, the Trustee respectfully submits that the Dismissal Order should

be affirmed.

Dated:   August 6, 2018    Respectfully submitted,
      Jericho, NY      Marianne DeRosa, Chapter 13 Trustee
                 Appellee

                 By: /s/ *Nathan Z. Kaufman*
                 Nathan Z. Kaufman nk4629
                 Staff Attorney for Appellee
                 Marianne DeRosa, Chapter 13 Trustee
                 125 Jericho Turnpike, Ste. 105
                 Jericho, NY 11753
                 516-622-1340

## CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B)

This brief complies with the type-volume limitation of Bankr. R. 8015(a)(7)(B), because this Appellee's Brief contains 6,621 words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii).

s/*Nathan Z. Kaufman*
Nathan Z. Kaufman, Esq.
Staff Attorney for Marianne DeRosa,

### CERTIFICATE OF SERVICE

This is to certify that I, Nathan Z. Kaufman, have this day served a true, accurate and correct copy of the within Appellee's Brief and Appendix by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

United States Trustee
201 Varick Street
Suite 1006
New York, NY  10014

Ocwen Loan Servicing, LLC
1661 Worthington Rd Suite 100
West Palm Beach, Fl 33409

Audrey A. Thomas
The Law Offices of Audrey A. Thomas, P.C.
245-07 Francis Lewis Blvd
Rosedale, NY 11422

Linden Gardens Condominium
1360 East 14th Street Suite 101
Brooklyn, NY 11230-5961

Robertson, Anschutz & Schneid
6409 Congress Avenue
Boca Raton, FL 33487

Patricia Dalton Simms
260 Linden Blvd
Unit 3A
Brooklyn, NY 11226

This August 6, 2018

s/*Nathan Z. Kaufman*
Nathan Z. Kaufman, Esq.
Staff Attorney for Marianne DeRosa,