```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
In re: Bankruptcy Case No. 1-17-41310

Patricia Dalton Simms,

     Appellant,        MEMORANDUM AND ORDER
                    17-CV-6082

 - against -


Trustee Marianne DeRosa, Deutsche Bank
USA National Trust, Ocwen Loan Servicing and
Linden Gardens Condominium,

     Appellees.
```
-----------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

  On October 18, 2017, Appellant Patricia Simms ("Simms" or "Appellant-Debtor") appealed to this Court an Order dismissing her Chapter 13 bankruptcy petition. (Record on Appeal ("R.") at 73). On May 18, 2018, this Court ordered her to show cause in writing why her appeal should not be dismissed for lack of prosecution. (ECF No. 2). On July 5, 2018, she filed her Appellant Brief, which was opposed by Trustee DeRosa ("Trustee" or "Appellee-Trustee") on August 6, 2018. (ECF Nos. 4, 5). Oral argument was held on July 25, 2019. For the reasons explained below, the Order dismissing Simms's Chapter 13 bankruptcy petition is **AFFIRMED**.

## BACKGROUND

  On March 21, 2017, Simms filed a *pro se* petition for Chapter 13 Bankruptcy pursuant to 11 U.S.C. § 1307(c) and shortly after, filed a request to enter a loss mitigation program to settle the debt she owed. (R. at 8, 21). On August 4, 2019, the Bankruptcy Court entered an Order directing Simms and one of her creditors to enter the Court's loss mitigation program, to which Simms began making payments, but ultimately defaulted. (R. at 24).

On August 24, 2017, the Trustee filed a motion to dismiss Simms's bankruptcy petition. (R. at 27). The notice of motion provided that the hearing would take place on September 13, 2017 at 9:30 A.M. and that responsive papers were due no later than seven business days prior to the hearing date. (*Id.*). Simms did not file any opposition papers. She claims that on September 6, 2017, she appeared before the court with counsel for the first time, when the hearing was adjourned until September 13, 2017. (ECF No. 4 at 5).[1]

On September 13, 2017, the hearing was held to address the Trustee's motion to dismiss. (R. at 73). Neither Simms nor her counsel appeared at the hearing. (*Id.*). United States Bankruptcy Judge Carla E. Craig granted the Trustee's motion from the bench and the court removed all future appearances from the calendar. (ECF No. 4 at 5; ECF No. 5 at 9). Later that night, at 9:25 P.M., Simms's counsel filed a letter requesting an extension of time to respond to the Trustee's motion and seeking an adjournment of the entry of the written dismissal order until October 4, 2017. (R. at 71). The court denied her request.

On October 1, 2017, the court entered a written order dismissing Simms's petition based on the following grounds: (1) the proposed plan payments were insufficient to pay all secured claims in full as required by 11 U.S.C. § 1325(a)(5), (2) the failure to timely submit Chapter 13 plan payments to the Trustee as required by 11 U.S.C. § 1325(a)(6); and (3) the failure to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1. (R. at 73-74). On October 18, 2017, Simms filed a Notice of Appeal. (ECF No. 1).

---

[1] While Simms's counsel did not file a Notice of Appearance until September 13, 2017, (R. at 68), the Court will accept as true her statement in her memorandum of law that she appeared before the bankruptcy court on September 6, 2017.

**LEGAL STANDARD**

When reviewing a decision of the bankruptcy court, the district court will "review conclusions of law *de novo*, and findings of fact under a clearly erroneous standard." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). Discretionary matters, however, are reviewed for abuse of discretion. *Boyce v. Citibank, N.A.*, No. 15-CV-07408 (JFB), 2017 WL 87066, at *4 (E.D.N.Y. Jan. 10, 2017), *aff'd sub nom.*, *In re Boyce*, 710 F. App'x 44 (2d Cir. 2018). Given that this is essentially an appeal of the bankruptcy court's decision to deny Simms's late request for an extension of time and an adjournment of the court's September 13, 2017 dismissal, the Court will review the appeal under the "deferential abuse-of-discretion standard." *Id.* A bankruptcy court abuses its discretion only if it reaches a decision that (i) rests "on an error of law or clearly erroneous factual findings" or (ii) "cannot be located within the range of permissible decisions." *Id.*

**DISCUSSION**

Simms's sole argument on appeal is that the bankruptcy court's decision denying her request for an extension of time to respond to the Trustee's motion and to reserve final judgment on the motion was an abuse of discretion. For the reasons that follow, the Court disagrees. First, as the Trustee correctly notes, and Simms does not dispute, her request was made approximately 12 hours after the motion to dismiss was already granted at the September 13, 2017 hearing, where Simms failed to appear despite having notice of the hearing pursuant to the August 24, 2017 notice of motion.

Second, Simms does not dispute the bankruptcy court's factual or legal findings in its written order that she failed to comply with the statutory and procedural requirements set forth in 11 U.S.C. § 1325(a)(5), 11 U.S.C. § 1325(a)(6), and E.D.N.Y. LBR 2003-1. While she litigated

her bankruptcy petition *pro se* until September 6, 2017, one week before the hearing, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel [and] in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 113 S.Ct. 1980, 1984 (1993). Considering that Simms did not (1) respond to the Trustee's motion to dismiss in any way, much less on time, (2) appear at the September 13, 2017 hearing, or (3) comply with the applicable statutory and procedural bankruptcy petition requirements, the bankruptcy court did not abuse its discretion when it denied Simms's request for an extension of time to respond to a motion that was already granted.

## CONCLUSION

Accordingly, for the reasons explained above, the bankruptcy court's Order dismissing Simms's Chapter 13 bankruptcy petition is **AFFIRMED.**

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2019

/s_____
I. Leo Glasser                                    U.S.D.J.